**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------- X

DANIEL MCINTIRE, Individually and On  :
Behalf of All Others Similarly Situated,

                              :

           Plaintiff,

      vs.                   :   Case No. 11 Civ. 804 (VM)

CHINA MEDIAEXPRESS HOLDINGS, INC., :

          Defendant.      :

                              :

-------------------------------------- X

WALTER RUBIN, Individually and On Behalf  :
of All Others Similarly Situated,

                              :

           Plaintiff,

      vs.                   :   Case No. 11 Civ. 833 (PGG)

CHINA MEDIAEXPRESS HOLDINGS, INC., :
and ZHENG CHENG,

                              :

          Defendants.     :

-------------------------------------- X

GARY MANDEL, Individually and On Behalf  :
of All Others Similarly Situated,

                              :

           Plaintiff,

      vs.                   :   Case No. 11 Civ. 916 (PGG)

CHINA MEDIAEXPRESS HOLDINGS, INC., :
and ZHENG CHENG,

                              :

          Defendants.     :

-------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE CME INVESTOR
GROUP FOR APPOINTMENT AS LEAD PLAINTIFF, APPOINTMENT OF LEAD
<u>COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS</u>**

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.    INTRODUCTION ..................................................................................................1

II.    BACKGROUND ...................................................................................................2

III.    ARGUMENT ........................................................................................................3

    A.    Movant Satisfies the Procedural Requirements for Appointment as Lead Plaintiff ........................................................................................3

    B.    Movant Satisfies the Legal Prerequisites For Appointment as Lead Plaintiff ........................................................................................4

        1.    Movant is Presumptively the Most Adequate Plaintiff................................4

        2.    Movant Satisfies the Requirements of Rule 23............................................7

    C.    The Court Should Appoint Cohen Milstein as Lead Counsel ................................8

    D.    The Related Actions Should Be Consolidated Pursuant to Rule 42(a) ..................9

IV.    CONCLUSION....................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Albert Fadem Trust v. Citigroup Inc.,*
  239 F. Supp. 2d 344 (S.D.N.Y. 2002)..................................................................7, 9

*Chisholm v. TranSouth Fin. Corp.,*
  184 F.R.D. 556 (E.D. Va. 1999) .............................................................................7

*In re Crayfish Co. Sec. Litig.,*
  No. 00 Civ. 6766 (DAB), 2002 U.S. Dist. LEXIS (S.D.N.Y. June 6, 2002)............7

*In re Elan Corp. Sec. Litig.,*
  No. 02 Civ. 865 (WKFM), 2002 U.S. Dist. LEXIS 23162 (S.D.N.Y. Dec. 3, 2002)...............7

*Fields v. Biomatrix, Inc.,*
  198 F.R.D. 451 (D.N.J. 2000)..................................................................................7

*Hargett v. Valley Fed. Sav. Bank,*
  60 F.3d 754 (11th Cir. 1995) ...................................................................................9

*In re Nature's Sunshine Prods., Inc.,*
  No. 2:06-CV-267 TS, 2006 U.S. Dist. LEXIS 57594 (D. Utah Aug. 16, 2006) ......................5

*In re Olsten Corp. Sec. Litig.,*
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) .........................................................................7

*Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC,*
  208 F.R.D. 59 (S.D.N.Y. 2002) ...............................................................................9

*Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.,*
  No. 00-3605, 2000 U.S. Dist. LEXIS 16712 (D.N.J. Nov. 16, 2000) ......................5

*Primavera Familienstiftung v. Askin,*
  173 F.R.D. 115 (S.D.N.Y. 1997) .............................................................................9

*Weltz v. Lee,*
  199 F.R.D 129 (S.D.N.Y. 2001) ..........................................................................8, 9


**STATUTES**

15 U.S.C. § 78u-4(a) .......................................................................................... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ................................................................................................4, 7,8

Fed. R. Civ. P. 42(a) ...............................................................................................10

## I.     INTRODUCTION

Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and for the reasons set forth below, John and Jennifer Haughton, Ethan Lamar Pierce, and John and Susan Shaffer (collectively the "CME Investor Group" or "Movant") respectfully move this Court for an Order appointing Movant as Lead Plaintiff on behalf of itself and all others similarly situated who purchased China MediaExpress Holdings, Inc. ("China MediaExpress" or the "Company") securities between May 14, 2010 and March 11, 2011, inclusive (the "Class Period").[1]   Movant also seeks appointment of the law firm of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Lead Counsel, and consolidation of all related actions.

The above-captioned related actions (the "Related Actions") have been filed against China MediaExpress and Zheng Cheng, its founder, Chairman and CEO,[2] for violations of the federal securities laws.  It is predicated on Defendants' misrepresentation of the Company's financial condition.

Movant suffered losses[3] of approximately $2.5 million during the Class Period as a result of Defendants' misleading conduct.  Movant is unaware at this time of any other movant with a

---

[1]     The complaint filed in *Chaudhuri v. China MediaExpress Holdings, Inc.*, No. 11 Civ. 1895 (VM), which was consolidated with the *McIntire action* by order of the Court dated April 4, 2011, contains a Class Period of May 14, 2010 to March 11, 2011 – the broadest in any of the complaints filed.  The *McIntire*, *Rubin*, and *Mandel* complaints contain a Class Period of November 8, 2010 to February 3, 2011.

[2]     The *McIntire* complaint does not name Zheng Cheng as a defendant.

[3]     The losses suffered by Movant, as detailed herein, are not the same as legally compensable damages, measurement of which is often a complex legal question that generally cannot be determined at this stage of the litigation.  The approximate losses can, however, be determined from the executed certifications required under Section 21D of the Exchange Act, and based upon reference to information concerning the market for China MediaExpress securities.  *See* Declaration of Michael Eisenkraft in Support of Motion of the CME Investor Group ("Eisenkraft Decl."), at Exs. B and C.

greater loss.  Thus, under Section 21D of the Exchange Act, Movant is presumptively the "most adequate plaintiff" and should be appointed as lead plaintiff because it has "the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Movant is represented in this action by Cohen Milstein, which is seeking appointment as lead counsel and is eminently qualified to prosecute securities class actions such as this one.

## II.    BACKGROUND

The Related Actions allege that China MediaExpress and Zheng Cheng violated the Exchange Act by failing to disclose that (1) the Company had misrepresented the number of buses in its advertising network; (2) the Company had misrepresented the nature and extent of its business relationships; and (3) as such, the Company's financial results were overstated.

On January 31, 2011, Citron Research published a report that stated that China MediaExpress had misrepresented the scope of the Company's operations, its financial performance, and the extent of the Company's claimed strategic partnership with a government-affiliated entity.  The Citron Research report concluded that the Company "does not exist at the scale that they are reporting to the investing public."  Then, on February 3, 2011, the firm Muddy Waters disclosed that the Company "significantly inflated its revenue and earnings in order to pay management earn-outs and inflate the stock price so insiders can sell."  On this news, shares of the Company's common stock fell $5.52 per share to close on February 3, 2011 at $11.09 per share, representing a drop of more than 33%.

After the close of trading on March 11, 2011, NASDAQ announced that it was halting trading due to the pending release of news.  On March 14, 2011, the Company issued a release announcing the resignation of its independent outside auditor, Deloitte Touche Tohmatsu ("Deloitte"); the resignation of its Chief Financial Officer, Jacky Lam; and the delay of its earnings release and 10-K filing.  Deloitte stated in its resignation letter that "it was no longer

able to rely on the representations of management." Analysts expect that an accounting restatement will be forthcoming after a detailed investigation is completed. Trading of the Company's stock remains halted, and Plaintiffs' shares, for which there is no market, have collapsed in value.

## III.   ARGUMENT

As discussed below, Movant satisfies each of the requirements of the PSLRA and is therefore qualified for appointment as Lead Plaintiff. Additionally, Movant seeks appointment of Cohen Milstein as Lead Counsel for the Class.

### A.   Movant Satisfies the Procedural Requirements for Appointment as Lead Plaintiff

Section 21D of the Securities Act, 15 U.S.C. § 78u-4, establishes a procedure for the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The first such notice here was published on February 4, 2011 (*see* Eisenkraft Decl., Ex. A).

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The 60-day time period provided by the PSLRA in which applications for appointment as lead plaintiff must be filed expires on April 5, 2011. Movant has moved within the statutory 60-

day time period.  The motion contains the required certifications setting forth, *inter alia*,

Movant's transactions in China MediaExpress securities during the Class Period, and indicates

that Movant has reviewed a complaint filed in the case and is willing to serve as a representative

party on behalf of the Class.  *See* Eisenkraft Decl., Ex. B.  In addition, Movant has selected and

retained competent and experienced counsel, as set forth in counsel's resume.  *See* Cohen

Milstein resume at Eisenkraft Decl., Ex. D.  As demonstrated in its resume, Cohen Milstein has

developed an excellent reputation for successfully prosecuting federal securities law claims.

**B.      Movant Satisfies the Legal Prerequisites For Appointment as Lead Plaintiff**

**1.      Movant is Presumptively the Most Adequate Plaintiff**

The PSLRA sets forth procedures for the appointment of a lead plaintiff in class actions

brought under the Exchange Act.  15 U.S.C. § 78u-4(a)(1).  The PSLRA provides that this Court:

> shall appoint as lead plaintiff the member *or members* of the purported plaintiff
> class that the court determines to be most capable of adequately representing the
> interests of class members (hereafter in this paragraph referred to as the "most
> adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).  In adjudicating this motion, the Court must be

guided by a presumption that the most adequate plaintiff is the person or group of persons who

(a) filed the Complaint or made a motion to serve as lead plaintiff, (b) has the largest financial

interest in the relief sought by the class, and (c) otherwise satisfies the requirements of Fed. R.

Civ. P. 23 and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted by proof

that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests

of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately

representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

In *Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, moreover, this Court

held that a group of persons seeking appointment as lead plaintiff must "'evince[] an ability (and

a desire) to work collectively to manage the litigation.'"  589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008) (quoting *Reimer v. Ambac Fin. Group, Inc.*, Nos. 08 Civ. 411(NRB), *et al.*, 2008 U.S. Dist. LEXIS 38729, at *3 (S.D.N.Y. May 9, 2008)).  Specifically, the Court held that when determining whether to appoint a group of persons to serve as lead plaintiff it would consider the following non-exclusive factors:

> (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not *vice versa*.

*Id.*[4]

Movant is qualified for appointment as lead plaintiff.  During the Class Period, Movant suffered losses of approximately $2.5 million[5] from its purchases of China MediaExpress securities.  Movant suffered these losses when, on March 11, 2011, NASDAQ halted trading of China MediaExpress shares in anticipation of Deloitte's resignation.  Trading remains halted, and Plaintiffs' securities – including both common stock and options to purchase common stock,

---

[4]  Citing *Freudenberg v. E*Trade Fin. Corp.*, Nos. 07 Civ. 8538, *et al.*, 2008 U.S. Dist. LEXIS 62767, at *4 (S.D.N.Y. July 16, 2008) (permitting proposed group whose members "submit that they have a longstanding pre-litigation relationship and a clear understanding as to consultation, information sharing, and management of the litigation"); *Reimer*, 2008 U.S. Dist. LEXIS 38729, at *3 (proposed group held joint conference calls to formulate strategy); *In re Nature's Sunshine Prods., Inc.*, No. 2:06-CV-267 TS, 2006 U.S. Dist. LEXIS 57594, at *1 (D. Utah Aug. 16, 2006) (proposed group submitted affidavits demonstrating cooperative efforts and did not combine at the last minute); *Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.*, No. 00-3605, 2000 U.S. Dist. LEXIS 16712, at *4 (D.N.J. Nov. 16, 2000) (proposed group submitted declarations advising of members' sophistication, involvement in the litigation thus far, and plans for future meetings and protocol to determine activity in the event of disagreement among group members).

[5]  Copies of Movant's certifications are attached as Exhibit B to the Eisenkraft Decl. and copies of Movant's loss calculations are attached as Exhibit C.  Mr. Pierce and Mr. and Mrs. Shaffer purchased shares of the Company's common stock during the Class Period.  Mr. and Mrs. Haughton purchased both common stock and options which expired following suspension of trading of the Company's common stock; prior to the end of the Class Period, however, they sold all of the shares of common stock they purchased during the Class Period (investing in options instead), and their common stock losses have therefore been excluded from the group's total.

which have now expired – have collapsed in value.[6]  Movant believes it has the largest financial interest in the relief sought by the Class.

Further, Movant is willing to actively participate in the leadership of this litigation.  As indicated in the Joint Declaration of the CME Investor Group in Support of Its Motion for Appointment as Lead Plaintiff, Appointment of Lead Counsel, and Consolidation of Related Actions ("Joint Declaration," attached to the Eisenkraft Decl. at Ex. E), the CME Investor Group is well-organized, has met to discuss this litigation, and has a plan for managing it.  In particular, the CMS Investor Group is composed of sophisticated investors[7] who approached Cohen Milstein through common counsel of their choice.  *See* Joint Decl. ¶¶ 2-5.  They have agreed to hold regular conference calls to discuss the status of the litigation and have devised a means of reaching resolution on important decisions should they disagree.  *Id.* ¶¶ 9-10.  Finally, Movant understands its obligations as a fiduciary of the Class.  *Id.* ¶ 7.

Because Movant possesses a significant interest in the outcome of this litigation, it is presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Further, Movant is both qualified to represent the class and willing to serve as a representative party.  Finally, Movant has selected counsel that is highly experienced in prosecuting securities class actions such as this one.  Accordingly, Movant satisfies the requirements for appointment as Lead Plaintiff under the PSLRA and the instant motion should be granted.

---

[6]      Indeed, on April 4, 2011, the Company announced that NASDAQ had sent it a letter notifying it that its stock would be suspended from trading effective April 12, 2011, subject to the Company's right to appeal that determination.  *See* http://finance.yahoo.com/news/China-MediaExpress-Holdings-prnews-4042678513.html?x=0&.v=1.  For purposes of calculating losses, therefore, the value of plaintiffs' securities – which are not trading and may never trade again – is assumed to be zero.  In the event the Company's stock begins trading again, Movant requests the opportunity to submit revised loss calculations to the Court.

[7]      Dr. Haughton is a physician with over five years of investment experience.  Likewise, Mr. Pierce has over ten years of investment experience.  Mr. Shaffer is a retired professional who has twenty-five years of investment experience.  *See* Joint Decl. ¶¶ 2-4.

### 2.    Movant Satisfies the Requirements of Rule 23

In addition to requiring that the lead plaintiff have the largest financial interest, the PSLRA requires that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also In re Elan Corp. Sec. Litig.,* No. 02 Civ. 865 (WKFM), 2002 U.S. Dist. LEXIS 23162, at *7 (S.D.N.Y. Dec. 3, 2002); *Albert Fadem Trust v. Citigroup Inc.,* 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002).  Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  Typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA.  *In re Crayfish Co. Sec. Litig.*, No. 00 Civ. 6766 (DAB), 2002 U.S. Dist. LEXIS, at *14 (S.D.N.Y. June 6, 2002) (citing *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) and *Weltz v. Lee*, 199 F.R.D 129, 133 (S.D.N.Y. 2001)).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  A "claim will meet the typicality requirement if 'each class member's claim arises from the same course of conduct, and each class member makes similar legal arguments to prove the defendants' liability.'"  *Olsten,* 3 F. Supp. 2d at 296 (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)); *see also Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000).  The typicality standard is met even where minor distinctions exist.  *Id.*  As one court has noted: "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class.  Complete identification between the claims constituting each individual action is not required."  *Chisholm v. TranSouth*

*Fin. Corp.,* 184 F.R.D. 556, 563-64 (E.D. Va. 1999) (internal citation omitted).  The typicality requirement is plainly satisfied in the instant case, where Movant seeks the same relief and advances the same legal theories as class members.

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Representation is adequate when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members [d]o not have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous adequacy." *Weltz*, 199 F.R.D. at 133 (citing *Olsten*, 3 F. Supp. 2d at 296).

Movant is an adequate representative for the class.  Movant purchased China MediaExpress securities during the Class Period and, like other putative class members, suffered a loss in the form of diminution of the value of its securities.  Through its Joint Declaration, *see* Eisenkraft Decl. Ex. E, Movant has provided evidence that it is a cohesive, well-organized group that can effectively manage this litigation.  Moreover, Movant has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and has timely submitted its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## C.    The Court Should Appoint Cohen Milstein as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  Thus, a court should not disturb the lead plaintiff's selection of counsel unless such interference is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Movant has selected Cohen Milstein to serve as Lead Counsel, and appointing Cohen Milstein as Lead Counsel would be prudent to protect the interests of the class.

As detailed in its firm resume,[8] Cohen Milstein has extensive expertise and experience in the field of securities litigation and has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors. Thus, the Court may be confident that the class will receive the highest caliber of legal representation in full compliance with the mandates of the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Albert Fadem Trust*, 239 F. Supp. 2d at 348 (approving as lead counsel law firm with "substantial experience and success in prosecuting securities fraud actions").

**D.    The Related Actions Should Be Consolidated Pursuant to Rule 42(a)**

Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz*, 199 F. R. D. at 131. Indeed, "in securities actions where the complaints are based on the same public statements and reports, consolidation is appropriate if there are common questions of law and fact and the parties will not be prejudiced." *Weltz*, 199 F.R.D. at 131 (internal quotations and citation omitted).

The Related Actions present virtually identical factual and legal issues and allege similar violations of the federal securities laws. They involve substantially the same parties and arise from the same underlying facts and circumstances. "The proper solution to problems caused by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)." *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995) (quoting *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1995)); *see also Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Because these actions are based on the same facts and involve

---

[8]    A copy of Cohen Milstein's firm resume is attached to the Eisenkraft Decl. as Exhibit D.

the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others.  Consolidation of the Related Actions is thus appropriate as common questions of law and fact predominate in these actions.  Fed. R. Civ. P. 42(a).  Thus, consolidation is appropriate here. Accordingly, the motion to consolidate the Related Actions should be granted.

## IV.   CONCLUSION

Based on the foregoing, Movant respectfully requests that the Court: (i) appoint it as Lead Plaintiff; (ii) appoint Cohen Milstein as Lead Counsel; (iii) consolidate all Related Actions; and (iv) grant such other relief as the Court may deem to be just and proper.


Dated: April 5, 2011                           Respectfully submitted,

                                                COHEN MILSTEIN SELLERS
                                                & TOLL PLLC

                                                     /s/      Michael Eisenkraft
                                                Michael Eisenkraft (ME-6974)
                                                88 Pine Street, 14th Floor
                                                New York, New York 10005
                                                Telephone: (212) 838-7797
                                                Facsimile: (212) 838-7745

                                                      - and -

                                                Steven J. Toll
                                                Daniel S. Sommers
                                                S. Douglas Bunch (SB-3028)
                                                1100 New York Avenue, N.W.
                                                West Tower, Suite 500
                                                Washington, DC  20005-3964
                                                Telephone: (202) 408-4600
                                                Facsimile: (202) 408-4699

                                                *Attorneys for the CME Investor Group and*
                                                *Proposed Lead Counsel for the Class*