UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DANIEL MCINTIRE, *Individually and On Behalf of All Others Similarly Situated*, | x : : : | Civil Action No.: 11-cv-0804 |
| Plaintiff, | : : | <u>CLASS ACTION</u> |
| vs. | : : : | |
| CHINA MEDIAEXPRESS HOLDINGS, INC., | : : : | |
| Defendant. | : : : : : x | |

| | | |
|---|---|---|
| WALTER RUBIN, *Individually and On Behalf of All Others Similarly Situated*, | x : : : | Civil Action No.: 11-cv-0833 |
| Plaintiff, | : : | <u>CLASS ACTION</u> |
| vs. | : : : | |
| CHINA MEDIAEXPRESS HOLDINGS, INC. and ZHENG CHENG | : : : : | |
| Defendants. | : : : x | |

| | | |
|---|---|---|
| GARY MANDEL, *Individually and On Behalf of All Others Similarly Situated*, | x : : | Civil Action No.: 11-cv-0916 |
| Plaintiff, | : : | <u>CLASS ACTION</u> |
| vs. | : : : | |
| CHINA MEDIAEXPRESS HOLDINGS, INC, and ZHENG CHENG, | : : : : | |
| Defendants. | : : : x | |

[*Caption Continued on Following Page*]

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO CONSOLIDATE RELATED CASES, TO APPOINT THE DAVIS ENTITIES AS LEAD PLAINTIFF, AND TO APPROVE THE SELECTION OF LEAD COUNSEL**

——————————————————————————
                                                    X
TUHIN CHAUDHURI, *Individually and On Behalf*      :   Civil Action No.: 11-cv-1895
*of All Others Similarly Situated*,                 :
                                                    :   <u>CLASS ACTION</u>
                                    Plaintiff,      :
                                                    :
                     vs.                            :
                                                    :
CHINA MEDIAEXPRESS HOLDINGS, INC., and             :
ZHENG CHENG,                                        :
                                                    :
                                    Defendants.     :
                                                    :
——————————————————————————                          X

**TABLE OF CONTENTS**

I.     STATEMENT OF FACTS ............................................................................................ - 1 -

II.    ARGUMENT .......................................................................................................... - 2 -

       A.    The Related Actions Should Be Consolidated............................................. - 2 -

       B.    The Davis Entities Satisfy the Lead Plaintiff Requirements of the PSLRA................ - 3 -

       C.    The Davis Entities Are Precisely the Type of Institutional Investor
             Envisioned by the PSLRA ............................................................................ - 4 -

       D.    The Davis Entities have the Largest Financial Interest in the Relief
             Sought by the Class...................................................................................... - 4 -

       E.    The Davis Entities Satisfy the Requirements of Federal Rule of
             Civil Procedure Rule 23 ............................................................................... - 5 -

             1.    The Davis Entities' Claims Are Typical of the Claims of All
                   the Class Members.......................................................................... - 5 -

             2.    The Davis Entities Will Adequately Represent the Interests
                   of the Class..................................................................................... - 6 -

       F.    The Davis Entities' Selection of Lead Counsel Should Be Approved ........................ - 7 -

III.   CONCLUSION ....................................................................................................... - 8 -

Class members, the Irrevocable Trust FBO Lansing Davis under agreement dated 10/1/1979 and the Davis Partnership LP (collectively the "Davis Entities" or "Movant") respectfully submit this Memorandum of Law in support of their Motion: (1) to consolidate the related cases; (2) to be appointed as Lead Plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3); and (3) for approval of their selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the Class.

## I.    STATEMENT OF FACTS

This is a federal securities class action brought on behalf of investors who purchased common stock of China MediaExpress Holdings, Inc. (referred to hereinafter as the "Company" or "CCME"). The class consists of those investors who purchased CCME securities between May 14, 2010, and March 11, 2011 (the "Class Period").[1]

The Company provides television advertising on inter-city express buses in China.  It is alleged that the Company made numerous false or misleading statements or omitted information from statements that the reasonable investor would have wanted to know.  Specifically, on November 8, 2010, CCME filed its Form 10-Q reporting its financial results for the fiscal quarter ending September 30, 2010.  In that report, CCME's founder and Chief Executive Officer ("CEO") commented that revenues and net income remained very strong in the third quarter of 2010.  The CEO further commented on growing business and increasing contracts.  CCME's Chief Financial Officer ("CFO") also commented on the financial results including cash flow and operating results.  On December 16, 2010, CCME issued a press release commenting on its exceptional balance sheet and goal of maximizing value for investors.

On January 30, 2011, Citron Research issued a report entitled "the China Reverse Merger Stock that is 'Too Good to be True'".  The report questioned the quality of CCME's earnings reports and operations.  In response to the Citron Research report, CCME's stock price declined, from $20.86 to $17.84 on very heavy volume.  On February 3, 2011, Muddy Waters Research initiated coverage on CCME with a strong sell rating.  Muddy Waters reported that the accuracy of the Company's statements

---

[1]        The facts are gathered from the complaints captioned *McIntire v. China MediaExpress Holdings, Inc. et al.,* No. 11-cv-0804-VM and *Chaudhuri v. China MediaExpress Holdings, Inc. et al.*, No. 11-cv-1895.  The *McIntire* Class Period is defined as November 8, 2010, and February 3, 2011.  Subsequently filed complaints expand the Class Period to May 14, 2010, to March 11, 2011.  For purposes of this motion, the Davis Entities use the most expansive Class Period.

and the quality of the Company's earnings were questionable.  Again, in response to the Muddy Water's report, CCME's stock price declined from $16.61 to $11.09 on exceptionally heavy volume.

On March 11, 2011, shares of CCME stopped trading on the NASDAQ.  On March 14, 2011, CCME issued a press release indicating that its independent auditor Deloitte Touche Tohmatsu ("DTT") had formally resigned from the auditing relationship and CCME's CFO resigned.  CCME also notified investors that it requested suspension of trading on the NASDAQ.  CCME's stock halted trading at $11.88.

On March 22, 2011, CCME filed its Form NT-10K with the Securities Exchange Commission indicating that it was unable to timely file a Form 10-K due to the resignation of the auditor and CFO. CCME's stock has not resumed trading.

## II.     ARGUMENT

### A.     The Related Actions Should Be Consolidated

"[I]f more than one action on behalf of a class asserting substantially the same claim or claims" is filed, the PSLRA requires courts to consider motions to consolidate related actions prior to appointing a Lead Plaintiff.  *See, e.g.*, 15 U.S.C. § 78u-4(a)(3)(B)(ii) (*emphasis added*); *see also Corwin v. Seizinger*, Case No. 07 Civ. 6728, 2008 U.S. Dist. LEXIS 3045, at * 2 (S.D.N.Y. Jan. 8, 2008) (consolidating related actions prior to appointing lead plaintiff).  Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is proper for cases involving common questions of law and fact. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  "[S]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).

To date, the Davis Entities have identified four related cases in this district that should be consolidated.[2]  Each of those four actions, listed in the captions above, are on behalf of purchasers of CCME securities who purchased in reliance on the Defendants' materially false and misleading statement and/or omissions during the Class Period.   The Related Actions also assert essentially similar

---

[2]     Although the Complaints allege slightly different Class Periods, such differences are insufficient to defeat the efficiencies gained by consolidating these related cases. *See, e.g., Davidson v. E*Trade Fin. Corp.*, No. 07-cv-10400, 2008 U.S. Dist. LEXIS 61265, at * 7-* 8 (S.D.N.Y. July 16, 2008) (consolidating securities class actions alleging different Class Periods).

and overlapping claims for alleged violations of the federal securities laws and are based on a common set of facts.  Accordingly, the Related Actions are appropriate for consolidation.

**B.    The Davis Entities Satisfy the Lead Plaintiff Requirements of the PSLRA**

The PSLRA provides the procedure that governs appointment of a Lead Plaintiff in securities class actions arising under the Exchange Act.  *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(iii)(I).  First, the plaintiff who files the initial action must publish notice to the class within 20 days of filing the initial action.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Here, the class action was filed on February 4, 2010, and notice was published that same day.  *See* Declaration of Reed R. Kathrein in support of the Davis Entities' Motion to Cobsolidate Realted Cases, To Appoint The Davis Entities As Lead Plaintiff and Approval The Selection of Lead Counsel, filed concurrently herewith.  ("Kathrein Decl."), Ex. A (notice of pendency).  Within 60 days after publication of notice, "any person" who is a member of the class can move to be appointed as Lead Plaintiff regardless of whether they filed a complaint.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

Once the motions have been filed, the Court is charged with selecting the class member most capable of adequately representing the interests of the class to serve as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B).  The Court:

> (s)hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be ***most capable of adequately representing the interests of class members*** in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

The "most adequate plaintiff" assumes a rebuttable presumption that:

> . . . [T]he most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) ***in the determination of the court, has the largest financial interest in the relief sought by the class***; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added).

Only by a showing that a Lead Plaintiff will not fairly and adequately represent the Class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the Class, will this presumption be overcome.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Under this statutory test, the Davis Entities are the "most adequate plaintiff" and should be appointed as Lead Plaintiff on behalf of the proposed Class.  The Davis Entities have timely moved this Court for appointment as Lead Plaintiff in accordance with the PSLRA and have the willingness, resources and expertise to obtain excellent results for the Class.  Consequently, this Court should appoint the Davis Entities as Lead Plaintiff and approve Movant's selection of Hagens Berman as Lead Counsel for the Class.

**C.     The Davis Entities Are Precisely the Type of Institutional Investor Envisioned by the PSLRA**

The Davis Entities, sophisticated and professionally managed institutional investors, are precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."  *In re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 273-74 (3d Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733; *Tanne v. Autobytel, Inc.,* 226 F.R.D. 659, 670 (C.D. Cal. 2005) (the "PSLRA was enacted to encourage Institutional investors to take a more active role in securities litigation").

**D.     The Davis Entities have the Largest Financial Interest in the Relief Sought by the Class**

As a result of Movant's purchases of CCME securities throughout the Class Period, the Davis Entities have an aggregate financial interest of $952,696.00 - $3,213,460.00.  Kathrein Decl., Exs. B and C.  In sum, the Davis Entities spent $3,213,460.00 to acquire shares of CCME stock and retain 190,300 shares at the close of the Class Period.  The Davis Entities believe they have the largest financial interest

in this class action compared to any other party moving for Lead Plaintiff.  The PSLRA provides that there is a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . ."  *Ferrari v. Gisch*, 225 F.R.D. 599, 603 (C.D. Cal. 2004) (citing *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)).  The Davis Entities, therefore, is presumptively the "most adequate plaintiff" pursuant to the PSLRA.

> **E.      The Davis Entities Satisfy the Requirements of Federal Rule of Civil Procedure Rule 23**

Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act and Section 21D(a)(3)(B)(iii)(I)(cc) of the Securities Exchange Act of 1934, as amended by the PSLRA, provide that the Lead Plaintiff must satisfy the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a).  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) ("At this point, a prospective lead plaintiff need only make a preliminary, prima facie showing that his or her claims satisfy the requirements of Rule 23.").  At this stage of the litigation, "typicality and adequacy of representation are the only provisions of Rule 23 relevant to the determination of lead plaintiff under the PSLRA."  *Kaplan v. Gelfund*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).  *See also Kuriakose v. Fed. Home Loan Mortgage Co.*, No. 08-cv-7281, 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008) ("In a motion to be appointed as lead plaintiff, a class member need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied.").  As detailed below, the Davis Entities satisfy both the typicality and adequacy requirements of Rule 23(a), and should therefore be appointed Lead Plaintiff in this action.

> **1.      The Davis Entities' Claims Are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class."  The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiffs' claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory.  *See Reimer*, 2008 WL 2073931, at *4 ("[Typicality] is satisfied when each class member's claim arises from the same course

of events, and each class member makes similar legal arguments to prove the defendant's liability.") (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

In this case, the typicality requirement is met because the Davis Entities' claims are identical to the claims of the other Class Members. Lansing Davis is the sole beneficiary of the Irrevocable Trust FBO Lansing Davis under agreement dated 10/1/1979 and he is the General Partner of the Davis Partnership LP. Like all CCME investors, Mr. Davis purchased shares of CCME for the Davis Entities. The Davis Entities and all the members of the Class purchased CCME securities when the stock prices were artificially inflated as a result of Defendants' misrepresentations and omissions, and thus, both the Davis Entities and the Class Members suffered damages as a result of these purchases. Simply put, the Davis Entities, like all the other Class Members: (1) purchased CCME securities; (2) purchased CCME securities at artificially inflated prices as a result of the Defendants' misrepresentations and omissions; and (3) suffered damages thereby. The Davis Entities' claims and injuries arise from the same event or course of conduct that gave rise to the claims of other class members.

Moreover, the Davis Entities are not subject to any unique or special defenses. Thus, the Davis Entities meet the typicality requirement of Rule 23 because the Davis Entities' claims are the same as the claims of the other Class Members.

### 2. The Davis Entities Will Adequately Represent the Interests of the Class

The requirements of Rule 23(a) relating to adequate representation are satisfied if: (1) the class counsel is qualified, experienced and generally able to conduct the litigation; (2) the interests of the class are not antagonistic to one another; and (3) the Lead Plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667, 2004 WL 1637053, at *4 (S.DN.Y. July 2, 2004). As described below, the Davis Entities will adequately represent the interests of the class.

The Davis Entities' interests are clearly aligned with the members of the Class because Movant's claims are identical to the claims of the Class. There is no evidence of antagonism between the Davis Entities' interests and those of proposed Class Members. Furthermore, the Davis Entities have a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial interest Movant incurred as a result of the wrongful conduct alleged herein. This motivation, combined with the Davis Entities' identical interest with the members of the Class, clearly shows that the Davis Entities will adequately and vigorously pursue the interests of the Class. In addition, the Davis Entities have selected counsel that is highly experienced in prosecuting securities class actions such as this one to represent the fund and the class.

In sum, because of the Davis Entities' common interests with the Class Members, Movant's clear motivation and ability to vigorously pursue this action, and Movant's competent counsel, the adequacy requirement of Federal Rule of Civil Procedure 23(a) is met in this case. Therefore, since the Davis Entities not only meet both the typicality and adequacy requirements of Rule 23(a), and have sustained the largest amount of losses at the hands of the Defendants, the Davis Entities are, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii), presumptively the most adequate plaintiff to lead this action.

### F.    The Davis Entities' Selection of Lead Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u-1(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-l(a)(3)(B)(iii)(II)(aa). The Davis Entities have selected Hagens Berman to serve as Lead Counsel for the Class. Hagens Berman has extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Kathrein Decl., Ex. D (Hagens Berman Résumé). This Court may be assured that in the event that this motion is granted, the members of the Class will receive the highest caliber of legal representation.

## III.     CONCLUSION

For the foregoing reasons, the Court should consolidate the related cases, appoint the Davis Entities as Lead Plaintiff and approve their selection of Hagens Berman Sobol Shapiro LLP as Lead Counsel for the Class.

DATED: April 5, 2011                     Respectfully submitted,

                                         HAGENS BERMAN SOBOL SHAPIRO LLP


                                         By _____/s/ /David S. Nalven_____
                                                 DAVID S. NALVEN

                                         55 Cambridge Parkway, Suite 301
                                         Cambridge, MA 02142
                                         Telephone: (617) 482-3700
                                         Facsimile: (617) 482-3033
                                         davidn@hbsslaw.com

                                         Steve W. Berman
                                         HAGENS BERMAN SOBOL SHAPIRO LLP
                                         1918 Eighth Avenue, Suite 3300
                                         Seattle, WA  98101
                                         Telephone:  (206) 623-7292
                                         Facsimile:  (206) 623-0594
                                         steve@hbsslaw.com

                                         Reed R. Kathrein (139304)
                                         Peter E. Borkon (212596)
                                         HAGENS BERMAN SOBOL SHAPIRO LLP
                                         715 Hearst Avenue, Suite 202
                                         Berkeley, CA 94710
                                         Telephone:  (510) 725-3000
                                         Facsimile:  (510) 725-3001
                                         reed@hbsslaw.com
                                         peterb@hbsslaw.com

                                         *[Proposed] Lead Counsel for [Proposed] Lead Plaintiff
                                         Davis Entities*

**CERTIFICATE OF SERVICE**

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/ David S. Nalven
DAVID NALVEN

# Mailing Information for a Case 1:11-cv-00804-VM

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey A. Berens**
  jeff@dyerberens.com

- **Marshall Pierce Dees**
  mdees@holzerlaw.com

- **Michael Benjamin Eisenkraft**
  meisenkraft@cohenmilstein.com

- **Michael Ira Fistel , Jr**
  mfistel@holzerlaw.com,cyoung@holzerlaw.com,cmoore@holzerlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)