# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL MCINTIRE, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br>v.<br><br>CHINA MEDIAEXPRESS HOLDINGS, INC.,<br><br>*Defendant.* | Case No. 11-0804 (VM)<br><br>**MEMORANDUM IN SUPPORT OF DANIEL COURSEY'S MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL** |
| WALTER RUBIN, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br>v.<br><br>CHINA MEDIAEXPRESS HOLDINGS, INC. and ZHENG CHENG.<br><br>*Defendants.* | Case No. 11-0833 |
| GARY MANDEL, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br>v.<br><br>CHINA MEDIAEXPRESS HOLDINGS, INC. and ZHENG CHENG.<br><br>*Defendants.* | Case No. 11-0916 |
| TUHIN CHAUDHURI, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br>v.<br><br>CHINA MEDIA EXPRESS HOLDINGS, INC., and ZHENG CHENG.<br><br>*Defendants.* | Case No. 11-1895 (VM) |

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................. iii

I.    INTRODUCTION .................................................................................. 1

II.   NATURE OF THE ACTION .................................................................. 2

III.  ARGUMENT ......................................................................................... 3

      A.    THE ACTIONS SHOULD BE CONSOLIDATED FOR
            ALL PURPOSES ....................................................................... 3

      B.    MR. COURSEY SHOULD BE APPOINTED LEAD PLAINTIFF ..................... 4

            i.   Mr. Coursey's Motion is Timely .................................... 4

            ii.  Mr. Coursey is the Most Adequate Plaintiff ...................... 5

                 (a)   Mr. Coursey Has the Largest Financial Interest .................... 5

                 (b)   Mr. Coursey Otherwise Satisfies the Requirements
                       of Rule 23 .............................................................. 7

                       a.   Mr. Coursey Satisfies the Typicality Requirement .................... 7

                       b.   Mr. Coursey Satisfies the Adequacy Requirement ...................... 8

      C.    THIS COURT SHOULD APPROVE MR. COURSEY'S CHOICE
            OF LEAD & LIAISON COUNSEL .............................................. 9

IV.   CONCLUSION ....................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Anwar v. Fairfield Greenwich Limited, Ltd.*, Master File No. 09-CV-00118 (VM) ..................... 9

*In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001)................................................................. 7

*Chilton v. Chiumento Group*, 365 Fed. Appx. 298 (2d Cir. Feb. 16, 2010) ................................. 8

*Ellenberg v. JA Solar Holdings Co. Ltd.*, 262 F.R.D. 262 (S.D.N.Y. 2009) ........................... 7, 8

*Goldberger v. PXRE Group Ltd.*, No. 06-3410, 2007 WL 980417
   (S.D.N.Y. March 30, 2007) ....................................................................................................... 3

*Hassine v. Jeffes*, 846 F.2d 169 (3d Cir. 1988).............................................................................. 7

*Johnson v. Celotex Corp.*, 899 F.2d 1281 (2d Cir. 1990) ............................................................. 3

*Kaplan v. Gelfond*, 240 F.R.D. 88 (S.D.N.Y. 2007)..................................................................... 6

*Petrolito v. Arrow Fin. Serv., LLC*, 221 F.R.D. 303 (D. Conn. 2004)........................................... 8

*In re SLM Corp. Sec. Litig.*, No. 08 Civ. 1029, 2009 WL 969934
   (S.D.N.Y. Apr. 1, 2009).................................................................................................... 7, 8

*In re Smith Barney Transfer Agent Litig.,* No. 05 Civ.7583 (WHP), 2006 WL 991003
   (S.D.N.Y. April 17, 2006) ................................................................................................. 7, 8

*Varghese v. China Shienghulo Pharmaceutical Holdings, Inc.*, 589 F. Supp. 2d 388
   (S.D.N.Y. 2008)....................................................................................................................... 6

*Yates v. Open Joint Stock Co. "Vimpel-Comm,"* No. 04 Civ. 9742
   (NRB), 2005 WL 1018428 (S.D.N.Y. April 29, 2005) ........................................................... 7

### <u>Statutes</u>

Securities Exchange Act of 1934 (the "Exchange Act"),
   Private Securities Litigation Reform Act of 1995 ("PSLRA"),
   Section 21D(a) (15 U.S.C. §78u-4) ................................................................................ *passim*

### <u>Rules</u>

Fed. R. Civ. P. 23 ........................................................................................................... *passim*

Fed. R. Civ. P. 42 (a) ................................................................................................................ 3

## I.        INTRODUCTION

Currently pending before the Court are four related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired China MediaExpress Holdings, Inc. ("CCME" or "the Company") common stock between May 14, 2010 and March 11, 2011, inclusive (the "Class Period")[1], and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Class Member Daniel Coursey hereby moves this Court for an Order (i) consolidating the Actions; (ii) appointing Mr. Coursey as Lead Plaintiff in the Actions; (iii) approving his selection of the law firm of Shapiro Haber & Urmy LLP to serve as Lead Counsel and the law firm of Wolf Popper LLP to serve as Liaison Counsel; and (iv) granting such other and further relief as the Court may deem just and proper.

This motion is made on the grounds that Mr. Coursey is the most adequate plaintiff, as defined by the PSLRA.   Mr. Coursey suffered approximately $306,264.11 in losses in connection with his purchases of CCME common stock during the Class Period.   See Declaration of Adam M. Stewart ("Stewart Decl."), Ex. 2.   In addition, Mr. Coursey, for purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of

---

[1] The class period identified in the complaints filed in the McIntire, Rubin and Mandel cases is between November 8, 2010 and February 3, 2011, inclusive.  However, subsequent to the filing of those cases (as described below), additional information became public regarding problems with CCME's prior financial statements, including the resignation of its auditor, Deloitte Touche Tohmatsu, and the halting of trading in CCME stock on March 11, 2011.  As a result, the Chaudhuri complaint alleges an expanded class period of between May 14, 2010 and March 11, 2011, and is the class period used herein.

Civil Procedure in that his claims are typical of the claims of the putative class and that he will fairly and adequately represent the interests of the class.

## II.      NATURE OF THE ACTION

The complaints in the Actions allege that during the Class Period defendants violated Sections 10(b) and 20(a) of the Exchange Act of 1934.  The complaints allege that defendants issued false and misleading statements concerning the Company's business, prospects and operations, as well as reporting false and misleading financial statements that overstated income. As a result thereof, the members of the Class purchased CCME common stock at artificially inflated prices during the Class Period and were damaged thereby.

On January 30, 2011, Citron Research issued a report concerning the Company entitled "The China Reverse Merger Stock that is 'Too Good to be True'".  The Citron report raised serious issues and concerns with regard to CCME's earnings reports and operations.  Upon issuance of the Citron report, the price of CCME's stock price fell from $20.86 to $17.84 per share on very high trading volume.

On February 3, 2011, Muddy Waters Research then issued an extensive report concerning CCME with a strong sell rating.  In that report, Muddy Waters also raised serious concerns and questions about the Company's operations, earnings and financial statements.  In response to this report, the price of CCME stock dropped over 33% to close at $11.09 on extremely high trading volume.

Trading of the Company's stock on NASDAQ was halted on March 11, 2011, pending CCME's release of material news.  At the time the stock was trading at $11.88 per share.  On March 14, 2011, CCME issued a press release that disclosed that its auditor, Deloitte Touche Tohmatsu, had resigned as the Company's auditor, effective March 11, 2011.  The Company also

2

announced that its Chief Financial Officer, Jacky Lam, and a board member, Dorothy Dong, had

resigned.   Moreover, the Company announced that its 2010 year-end results and Form 10-K

filing would be delayed for at least a month.   Trading of the Company's stock remains halted on

the NASDAQ and has not traded since.   On April 4, 2011, CCME reported that it had received a

letter from NASDAQ informing the Company that NASDAQ was using its discretionary

authority pursuant to Listing Rule 5101 and suspending the Company's stock from trading on the

NASDAQ, effective April 12, 2011.

**III.      ARGUMENT**

**A.      THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

The Actions, each filed in this Court, assert class claims on behalf of the purchasers of

CCME common stock for alleged violations of the Exchange Act during the relevant period.

The Actions name virtually the same defendants and involve the same factual and legal issues.

They are each brought by investors who purchased CCME common stock during the relevant

time period in reliance on the integrity of the market for such securities and were injured by the

fraud on the market that was perpetrated through the issuance of materially false and misleading

statements and concealment of material information, thus artificially inflating the price of CCME

stock at all relevant times.   Consolidation is appropriate where there are actions involving

common questions of law or fact.  Fed. R. Civ. P. 42 (a); s*ee Johnson v. Celotex Corp.*, 899 F.2d

1281, 1284 (2d Cir. 1990); *Goldberger v. PXRE Group Ltd.*, No. 06-3410, 2007 WL 980417, *2

(S.D.N.Y. March 30, 2007).   That test is met here and, accordingly, the Actions should be

consolidated.[2]

---

[2]   *Rubin* and *Mandel* have not yet been related to *McIntire* and need to be related prior to the entry of a consolidation order.

## B.     MR. COURSEY SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B)(iii) of the Exchange Act establishes a rebuttable presumption that the "most adequate plaintiff" for purposes of appointment of lead plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

### i.     Mr. Coursey's Motion is Timely

The PSLRA, which amends the Exchange Act by adding § 21D (codified at 15 U.S.C. § 78u-4), establishes a procedure for the appointment of lead plaintiffs in private securities class actions.  Within twenty (20) days of the time a class action is filed, the plaintiff(s) who filed the initial action must publish notice advising class members of the pendency of the action and of their right to move within sixty (60) days of the publication notice to be appointed Lead Plaintiff.  Specifically, § 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA provides:

> The plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported class
>
> (I)     of the pendency of the action, the claims asserted therein and the purported class period; and
>
> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

4

Notice regarding the pendency of this action was published on *Business Wire*, a national, business-oriented newswire service on February 4, 2011, and advised class members they had until April 5, 2011 (60 days from the date of the notice) to file a motion to seek appointment as a Lead Plaintiff in this action.   A copy of the notice is attached as Exhibit 1 to the Stewart Decl. Accordingly, Mr. Coursey has timely filed the instant motion on April 5, 2011.

### ii.   Mr. Coursey is the Most Adequate Plaintiff

Section 21D(a)(3)(B) of the Exchange Act provides that the Court shall consider any timely motion by a purported class member to be appointed lead plaintiff "not later than 90 days after the date on which a notice is published," and that the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B).

As demonstrated herein, Mr. Coursey is the most adequate plaintiff to represent the class. Accordingly, Mr. Coursey seeks an order: (1) appointing Mr. Coursey as Lead Plaintiff in this action; and (2) approving his selection of the law firm of Shapiro Haber & Urmy LLP as Lead Counsel and Wolf Popper LLP as Liaison Counsel.

### (a) Mr. Coursey Has the Largest Financial Interest

As of the filing of the instant motion and this memorandum, no other member of the putative Class has filed a motion seeking to be appointed lead plaintiff.  Mr. Coursey is without information as to whether any other person or entity will be timely moving to be appointed lead plaintiff.

In calculating a movant's financial interest in the lead plaintiff context, the Court should consider the following factors:

(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the

5

number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchases shares and the amount received for the sale of shares during the class period); and (4) the approximate loss suffered.

*Varghese v. China Shienghulo Pharmaceutical Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008) (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)).   The fourth factor is typically viewed as the most important.  *Varghese*, 589 F. Supp. 2d at 395 (citing cases).

During the Class Period, as evidenced by, among other things, the accompanying signed certification (see Stewart Decl., Ex. 3), Mr. Coursey purchased CCME common stock in reliance upon the integrity of the market price for CCME stock and was injured thereby.  As a result, Mr. Coursey has incurred significant losses in his transactions in CCME common stock.  Stewart Decl., Ex. 2.  As set forth in the accompanying loss chart, Mr. Coursey purchased 18,850 shares of CCME during the relevant period at total cost of $306,264.11, and Mr. Coursey still holds that stock at this time.  Stewart Decl., Ex. 2.  As noted above, trading of CCME stock was halted as a result of the alleged fraud surrounding the Company's operations and financials, thus leaving shareholders with no ability to sell their holdings in CCME on the open market.  Therefore, for purposes of his loss calculation, the CCME stock that Mr. Coursey current holds has no value, making his losses $306,264.11.  *Id.*[3]

---

[3]   Even if the shares retained by Mr. Coursey were deemed to have some value, they could not be valued any higher than the $11.88 per share price at which the stock was halted, although the stock likely would trade at a significantly lower price per share if trading were to resume.  In any event, if the $11.88 price per share is used as the value of his retained shares, Mr. Coursey's losses would be $82,326.11. Stewart Decl., Ex. 2.  Mr. Coursey, thus, has a significant financial interest in this case.

### (b) Mr. Coursey Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(cc) of the Exchange Act provides that the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc).   Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable (2) there are questions of law or fact common to the class (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class and (4) the representative parties will fairly and adequately protect the interests of the class.

At this stage of the proceedings, a lead plaintiff candidate "need only make a 'preliminary showing that it satisfies the typicality and adequacy requirements of [Rule 23].'" *Ellenberg v. JA Solar Holdings Co. Ltd.*, 262 F.R.D. 262, 267 (S.D.N.Y. 2009) (citing *In re SLM Corp. Sec. Litig.*, No. 08 Civ. 1029, 2009 WL 969934, at *3 (S.D.N.Y. Apr. 1, 2009)); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) ("initial inquiry . . . should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy."); *Yates v. Open Joint Stock Co. "Vimpel-Comm,"* No. 04 Civ. 9742(NRB), 2005 WL 1018428, *2 (S.D.N.Y. April 29, 2005) (citing *In re Cendant* and confining analysis to typicality and adequacy requirements).   For the reasons stated below, Mr. Coursey satisfies the typicality and adequacy requirements of Rule 23.

### a.  Mr. Coursey Satisfies the Typicality Requirement

With regard to the typicality requirement, the court asks whether there is anything about the movant that is "markedly different or [whether] the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based.'" *In re Cendant Corp. Litig.*, at 265 (quoting *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988)); *In re Smith Barney Transfer Agent Litig.,* No. 05 Civ.7583(WHP), 2006 WL

7

991003, *3 (S.D.N.Y. April 17, 2006) (typicality does not require claims to be identical; requirement met where claims are not markedly different), *aff'd Chilton v. Chiumento Group*, 365 Fed. Appx. 298 (2d Cir. Feb. 16, 2010); *Petrolito v. Arrow Fin. Serv., LLC*, 221 F.R.D. 303, 310 (D. Conn. 2004) (finding typicality prong met where plaintiff alleged common pattern of wrongdoing and asserted he would present same evidence as the other class members).

Mr. Coursey satisfies the typicality requirement because he purchased CCME common stock during the Class Period, thereby being damaged by defendants' alleged violations of the Exchange Act, and SEC Rule 10b-5, just as class members have been damaged.  His claims, like the claims of all other putative class members, are based on the theory that defendants perpetrated a fraud on the market and thereby artificially inflated the price of CCME common stock during the Class Period.  Mr. Coursey's claims are the same as the rest of the putative class, and therefore he satisfies the typicality requirement.

### b.  Mr. Coursey Satisfies the Adequacy Requirement

In assessing whether Mr. Coursey satisfies Rule 23's adequacy requirement, the Court should consider "whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation." *Ellenberg*, 262 F.R.D. at 267 (quoting *In re SLM Corp. Sec. Litig.*, 2009 WL 969934, at *3).

Mr. Coursey satisfies the adequacy requirement because his interest is in obtaining the best recovery for the class and therefore does not conflict with the class.  As detailed in his certification filed herewith, Mr. Coursey purchased CCME common stock during the Class Period and is willing to serve as a representative on behalf of the Class, including providing testimony at deposition and at trial, if necessary.  *See* Stewart Decl., Ex. 3.  There is no conflict between Mr. Coursey's claims and those of the putative class; their interests are fully aligned.

8

Mr. Coursey also has retained highly competent and experienced counsel in this action. Shapiro Haber & Urmy is a well-known and highly-regarded securities litigation firm that has been appointed lead counsel in numerous class actions and that is fully capable of prosecuting this litigation.  Stewart Decl., Ex. 4.  Likewise, Wolf Popper, Mr. Coursey's choice for liaison counsel, has extensive experience prosecuting securities class actions and is currently co-lead counsel in *Anwar v. Fairfield Greenwich Limited, Ltd.*, Master File No. 09-CV-00118 (VM). Stewart Decl., Ex. 5.  Therefore, Plaintiffs fully satisfy the adequacy requirement.

In sum, under the provisions of the PSLRA, Mr. Coursey has demonstrated that he is the most adequate plaintiff to represent and protect the interests of the putative class members in this action.  Accordingly, Mr. Coursey should be appointed Lead Plaintiff.

**C.      THIS COURT SHOULD APPROVE MR. COURSEY'S CHOICE OF LEAD & LIAISON COUNSEL**

Section 21D(a)(3)(B)(v), provides that "the most adequate plaintiff shall, subject to the approval of the Court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  Mr. Coursey has selected Shapiro Haber & Urmy LLP to represent the Class as Lead Counsel and Wolf Popper LLP to serve as Liaison Counsel.

Each firm has extensive experience in the area of securities class action litigation and, as detailed in their respective resumes (Stewart Decl., Exs. 4 & 5), has successfully prosecuted numerous securities class actions on behalf of injured investors.  Consequently, this Court may be assured that in approving Mr. Coursey's choice of counsel the members of the Class will receive legal representation of the highest quality.

**IV.      CONCLUSION**

For all the foregoing reasons, Mr. Coursey respectfully requests that the Court issue an Order:  (i) appointing Mr. Coursey as Lead Plaintiff; (ii) approving his choice of Shapiro Haber

& Urmy LLP as Lead Counsel and Wolf Popper LLP as Liaison Counsel and (iii) granting such

other and further relief as the Court may deem just and proper.

Dated: April 5, 2011                               Respectfully submitted,


*/s/ Robert C. Finkel*
Robert C. Finkel
**WOLF POPPER LLP**
845 Third Avenue
New York, NY 10022
Telephone:  (212) 759-4600
Facsimile:   (212) 486-2093
rfinkel@wolfpopper.com

*Proposed Liaison Counsel*


Thomas G. Shapiro
Adam M. Stewart
**SHAPIRO HABER & URMY LLP**
53 State Street
Boston, MA  02109
Telephone:  (617) 439-3939
Facsimile:  (617) 439-0134
tshapiro@shulaw.com
astewart@shulaw.com

*Proposed Lead Counsel*