UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DANIEL MCINTIRE, Individually and On Behalf of All Others Similarly Situated, | : | Civil Action No. 1:11-cv-00804-VM (Consolidated) |
| Plaintiff, | : | <u>CLASS ACTION</u> |
| vs. | : | |
| CHINA MEDIAEXPRESS HOLDINGS, INC., | : | |
| Defendant. | : | |
| WALTER RUBIN, Individually and On Behalf of All Others Similarly Situated, | : | Civil Action No. 1:11-cv-00833-PGG |
| Plaintiff, | : | <u>CLASS ACTION</u> |
| vs. | : | |
| CHINA MEDIAEXPRESS HOLDINGS, INC., and ZHENG CHENG, | : | |
| Defendants. | : | |

[Caption continued on following page.]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MATTHEW MENGES FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD <u>PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

```
                                            x
GARY MANDEL, Individually and On Behalf  :  Civil Action No. 1:11-cv-00916-PGG
of All Others Similarly Situated,        :
                                         :  CLASS ACTION
                        Plaintiff,       :
                                         :
    vs.                                  :
                                         :
CHINA MEDIAEXPRESS HOLDINGS, INC.,       :
and ZHENG CHENG,                         :
                                         :
                        Defendants.      :
                                         :
                                         x
```

## I. PRELIMINARY STATEMENT

Presently pending in this District are four securities class action lawsuits (the "Actions") brought on behalf of purchasers of the common stock of China MediaExpress Holdings, Inc. ("China MediaExpress" or the "Company") between May 14, 2010 and March 11, 2011, inclusive (the "Class Period"), which allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78j(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Proposed lead plaintiff Matthew Menges hereby moves this Court for an Order: (i) consolidating the related Actions pursuant to Federal Rules of Civil Procedure 42(a);[1] (ii) appointing him as Lead Plaintiff in the Actions pursuant to the PSLRA; and (iii) approving his selection of the

---

[1] On April 4, 2011, the Court entered an Order consolidating two of the Actions. Doc. No. 4. The two remaining Actions are pending before another district court judge and have not yet been consolidated.

law firms of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Holzer Holzer & Fistel LLC ("Holzer") to serve as Lead Counsel.

This motion is made on the grounds that the Actions pending in this District involve common questions of law and fact, rendering consolidation appropriate. Further, Mr. Menges is the most adequate plaintiff as defined by the PSLRA because he possesses a significant financial interest in this Action, *see* Rosenfeld Decl. Ex. B,[2] and he otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 in that his claims are typical of the claims of the putative class and that he will fairly and adequately represent the interests of the class.

Accordingly, Mr. Menges should be appointed Lead Plaintiff, and his selection of Lead Counsel should be approved.

## II.  FACTUAL BACKGROUND

China MediaExpress purports to own the largest television advertising network on buses throughout 18 of China's regions, including Beijing. The Company claims to sell advertisements on more than 27,000 buses, and generates revenue by selling advertising on its network of television displays installed on those buses. As of July 31, 2008, China MediaExpress' advertising network accounted for 81% of all inter-city express buses installed with hard disk drive players.

However, the Complaint alleges that, throughout the Class Period, defendant's public statements were materially false and misleading because they misrepresented and overstated the financial condition of the Company. Specifically, the Complaint alleges that the Company: (1)

---

[2]  References to the "Rosenfeld Decl., Ex. ___ " are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld in Support of Motion of Matthew Menges for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, dated April 5, 2011, and submitted herewith.

misrepresented the number of buses in its advertising network; (2) misrepresented the nature and extent of its business relationships; (3) overstated its financial results during the Class Period; and (4) as a result of the above, the statements concerning China MediaExpress' business, operations, and prospects were materially false and misleading at all relevant times.

On January 31, 2011, analyst firm Citron Research published an explosive report alleging that China MediaExpress had misrepresented, among other things, the scope of the Company's operations and accounting, its financial performance, and the extent of the Company's claimed strategic partnership with a government-affiliated entity.  Referring to it as a "phantom" company, the Citron Research report concluded that the Company "does not exist at the scale that they are reporting to the investing public."  On this news, shares of China MediaExpress declined $3.02 per share, more than 14%, to close on January 31, 2011, at $17.84 per share.

Three days later, on February 3, 2011, analyst firm Muddy Waters issued a detailed report echoing many of the allegations in the Citron Research report.  Among other things, Muddy Waters alleged that the Company "is engaging in a massive 'pump and dump' scheme . . . significantly inflating its revenue and earnings in order to pay management earn-outs and inflate the stock price so insiders can sell."  Following this news, China MediaExpress shares declined $5.52 per share, or 33.23%, to close on February 3, 2011, at $11.09 per share on unusually heavy volume of more than 21.6 million shares traded.

On Friday, March 11, 2011, trading in China MediaExpress shares was halted on the NASDAQ pending further information.  The following Monday, March 14th, the Company announced the resignation of its independent auditor – Deloitte Touche Tohmatsu – and the resignation of the Company's chief financial officer, effective immediately.  Consequently, the Company announced it will delay its fourth quarter earnings release and the filing of its Form 10-K

4

annual report for the fiscal year ended December 31, 2010. The announcement further stated that Deloitte Touche Tohmatsu's resignation letter stated it was "no longer able to rely on the representations of management, and recommended that certain issues encountered during the audit be addressed by an independent investigation," that "these issues may have adverse implications for the prior periods' financial reports" and, in the auditor's view, "further investigatory procedures would be required to determine whether the prior periods' financial reports are reliable."

## III.    ARGUMENT

### A.    The Related Actions Pending before this Court Should be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii).

Under Federal Rule of Civil Procedure 42(a), consolidation is appropriate when actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). At present, four securities class actions were filed in this District against China MediaExpress and its Chief Executive Officer and President, Zheng Cheng: (1) *McIntire v. China MediaExpress Holdings, Inc.*, No. 11-cv-00804-VM, filed February 4, 2011; (2) *Rubin v. China MediaExpress Holdings, Inc. et al.*, No. 11-cv-00833-PGG, filed February 7, 2011; (3) *Mandel v. China MediaExpress Holdings, Inc. et al.*, No. 11-cv-00916-PGG, filed February 9, 2011; and (4) *Chaudhuri v. China MediaExpress Holdings, Inc. et al.*, No. 11-cv-01895-VM-GWG, filed March 18, 2011.[3]

---

[3]    The *McIntire*, *Rubin*, and *Mandel* actions allege a November 8, 2010 through February 3, 2011 class period. The most recently filed *Chaudhuri* action expanded the class period to May 14, 2010 through March 11, 2011.

By Order dated April 4, 2011, the Court consolidated the *McIntire* and *Chaudhuri* actions because "the complaints describe the same or substantially similar underlying events and operative facts, and assert claims arising out of the same or substantially similar actions against all or most of the same defendants."  Doc. No. 4.  The *Rubin* and *Mandel* actions, which are pending before another district court judge, also present similar factual and legal issues, assert similar claims under the securities laws, and name similar defendants.  Thus, because these actions are based on the same facts and involve the same subject matter, further consolidation with the actions pending in this Court is appropriate.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

  **B.**  **Mr. Menges Should Be Appointed Lead Plaintiff**

    **1.**  **The Procedure Required by the PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1) & (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i).  Notice regarding the pendency of this action was published on *Business Wire*, a national, business-oriented newswire service, on February 4, 2011. *See* Rosenfeld Decl. Ex. A.  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the

interests of class members.  15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 391 (S.D.N.Y. 2008) (Marrero, J.); *Glauser v. EVCI Center Colleges Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

### 2. Mr. Menges Satisfies the "Lead Plaintiff" Requirements of the PSLRA

#### a. Mr. Menges Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on February 4, 2011), Mr. Menges timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class by the April 5, 2011 deadline.  Mr. Menges has signed and filed a Certification stating that he is willing to serve as the representative party on behalf of the class.  *See* Rosenfeld Decl. Ex. C.  In addition, Mr. Menges has selected and retained competent counsel to represent him and the class.  *See* Rosenfeld Decl. Ex. D, E.  Accordingly, Mr. Menges is entitled to have his application for appointment as Lead Plaintiff and selection of Lead Counsel considered and approved by the Court.

### b. Mr. Menges Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed Certification and loss chart, Mr. Menges incurred a substantial $456,631 loss on his transactions in China MediaExpress securities made in reliance upon materially false and misleading statements and was injured thereby. Rosenfeld Decl. Ex. B, C. Mr. Menges, thus, has a substantial financial interest in this case. Upon information and belief, Mr. Menges possesses the largest financial interest of any movant seeking lead plaintiff status in the Actions.

### c. Mr. Menges Otherwise Satisfies Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification. *See In re McDermott Int'l, Inc. Sec. Litig.*, 2009 WL 579502, at *2 (S.D.N.Y. 2009) ("[A]t this stage a proposed lead plaintiff need only make a 'preliminary showing' that it will satisfy

the typicality and adequacy requirements of Rule 23."). Mr. Menges satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). Typicality exists where the plaintiff's claims and the class claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).

Mr. Menges satisfies this requirement for the PSLRA claims because, just like all other class members, he: (1) invested in China MediaExpress during the Class Period; (2) made those investments in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) suffered damages thereby. Thus, Mr. Menges' claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events and are based on the same legal theories. *Caiafa v. Sea Containers Ltd.*, 2006 WL 2381841, at *1 (S.D.N.Y. Aug. 14, 2006) (court appointed lead plaintiff whose "claims are 'typical' in that they 'arise form the same course of conduct that gives rise to the claims of the other class members'").

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry regarding the adequacy of Mr. Menges to represent the class to the existence of any conflicts between the interests of Mr. Menges and the members of the class. The Court must evaluate adequacy of representation by considering (i) whether the class representative's claims conflict with those of the class and (ii) whether class counsel is qualified, experienced, and generally able to

conduct the litigation.  *See In re Global Crossing Sec. & ERISA Litig.*, 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 23, 2004).

Here, Mr. Menges is an adequate representative of the class.  As evidenced by the injury suffered by Mr. Menges based on materially false and misleading statements, his interests are clearly aligned with the members of the class, and there is no evidence of any antagonism between Mr. Menges' interests and those of the other members of the class.  Further, Mr. Menges has taken significant steps which demonstrate that he will protect the interests of the class:  he has retained competent and experienced counsel to prosecute these claims.  As shown below, Mr. Menges' proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.  *See Caiafa*, 2006 WL 2381841, at *1 n.3 (appointing lead plaintiff that "has a sufficient interest in the outcome of the case to ensure vigorous advocacy" and "has also retained counsel that is qualified, experienced and generally able to conduct the litigation.").

Accordingly, Mr. Menges *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Mr. Menges' Choice of Lead Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  15 U.S.C. §78u-4(a)(3)(B)(v).  In this regard, Mr. Menges has selected Robbins Geller and Holzer to serve as Lead Counsel.  Both firms have substantial experience in the prosecution of shareholder and securities class actions in this District and elsewhere.  *See*, *e.g.*, *Lintz v. Agria Corp.*, 2008 U.S. Dist. LEXIS 99846, at *7 (S.D.N.Y. Dec. 3, 2008) (approving selection of Robbins Geller's predecessor firm); *In re Orion Secs. Litig.*, 2008 U.S. Dist. LEXIS 55368, at *17-18 (S.D.N.Y. July 8, 2008) (same); *Sgalambo v. McKenzie*, No. 1:09-cv-04691-SAS (S.D.N.Y.) (court appointed Robbins Geller and Holzer as co-lead counsel); *Brenner v. Future Graphics, LLC*, No. 1:06-cv-0362-CAP (N.D. Ga.) (Holzer served

as court-appointed co-lead counsel); *In re Nortel Networks Corp. Sec. Litig.*, No. 1:09-cv-04691-SAS (S.D.N.Y.) (same); Rosenfeld Decl., Ex. D, E. Accordingly, the Court should approve Mr. Menges' selection of Lead Counsel.

## IV. CONCLUSION

For all the foregoing reasons, Mr. Menges respectfully requests that the Court: (i) consolidate the related actions pursuant to Fed. R. Civ. P. 42(a); (ii) appoint him as Lead Plaintiff in the Action; (iii) approve his selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED: April 5, 2011

ROBBINS GELLER RUDMAN & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
PAUL J. GELLER
DOUGLAS WILENS
SABRINA E. TIRABASSI
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432-4809
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
dwilens@rgrdlaw.com
stirabassi@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiffs

HOLZER HOLZER & FISTEL, LLC
MICHAEL I. FISTEL, JR.
MARSHALL P. DEES
200 Ashford Center North, Suite 300
Atlanta, GA  30338
Telephone:  770/392-0090
770/392-0029 (fax)
mfistel@holzerlaw.com
mdees@holzerlaw.com

[Proposed] Lead Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD