**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
Jonathan Horne, Esq. (JH 7258)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: jhorne@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| DANIEL MCINTIRE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>CHINA MEDIA EXPRESS HOLDINGS, INC.,<br><br>Defendant. | Case No.: 11-CV-0804 (VM)<br><br>CLASS ACTION<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE MCMINN GROUP TO CONSOLIDATE RELATED ACTIONS; APPOINT LEAD PLAINTIFF; AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** |

-----------------------------------------------------------------X

| | |
|---|---|
| WALTER RUBIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>CHINA MEDIAEXPRESS HOLDINGS, INC. and ZHENG CHENG,<br><br>Defendants. | Case No.: 11-CV-0833 (PGG)<br><br>CLASS ACTION |

-----------------------------------------------------------------X

---------------------------------------------------------------X
GARY MANDEL, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

    Plaintiff,

    vs.

CHINA MEDIAEXPRESS HOLDINGS, INC. and
ZHENG CHENG,

    Defendants.
---------------------------------------------------------------X

Case No.: 11-CV-0916 (PGG)

<u>CLASS ACTION</u>

  Jason McMinn, Paul Heinegg, John Hoelzer, Douglas Stanley and John Braycewski (the "McMinn Group") respectfully submit this memorandum of law in support of the group's motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42(a):

  (1)  consolidating the above-captioned related actions;

  (2)  appointing the McMinn Group and its members as Lead Plaintiffs for the class of all purchasers of the common stock of China MediaExpress Holdings, Inc. ("CCME", or the "Company") during the period between May 14, 2010 and March 11, 2011, inclusive (the "Class Period"); and

  (3)  approving the McMinn Group's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## **INTRODUCTION AND BACKGROUND**

  CCME is a Delaware Corporation with its principal executive offices located in the People's Republic of China ("PRC"). CCME, through its operating subsidiaries, purports to serve the PRC by providing television advertising network on inter-city express buses in China.

At all relevant times herein, the Company's common stock was actively traded on the NASDAQ under ticker "CCME."

On February 4, 2011 the first of these actions, *McIntire v. China Media Express Holdings, Inc.* 11-cv-00804-VM, was commenced in this Court against China MediaExpress seeking remedies under Sections 10(b) and 20(a) of the Exchange Act, with a class period of November 8, 2010, to February 3, 2011. That same day, a law firm issued a PSLRA early notice advising class members that they had 60 days from that date to seek appointment as lead plaintiff in the action. *See* Declaration of Phillip Kim, filed herewith ("Kim Decl."), Ex. 1.

Thereafter the following related actions were filed in this Court.

| Case Name | Case No. | Class Period |
| --- | --- | --- |
| *Rubin v. China Mediaexpress Holdings, Inc., et al.* | 11-CV-833 (PGG) | November 8, 2010 to February 3, 2011 |
| *Mandel v. China Mediaexpress, Holdings, Inc., et al.* | 11-CV-916 (PGG) | November 8, 2010 to February 3, 2011 |
| *Chaudhuri v. China Media Express Holdings, Inc., et al.* | 11-CV-1895 (VM) | May 14, 2010 to March 11, 2011 |

On April 4, 2011 the Court entered an Order consolidating the *Chaudhuri* action with the first-filed action for all pretrial purposes, and administratively closed the *Chaudhuri* action.

All the actions allege that the Company made a number of misrepresentations in its public filings with the SEC and in its press releases. Namely, that: (1) the Company misrepresented the number of buses in its advertising network; (2) that the Company misrepresented the nature and extent of its business relationships; (3) that, as a result, the Company's financial statements were overstated during the Class Period; and (4) that the Company's statements concerning its business, operations, and prospects were thereby materially false and misleading at all relevant times.

3

On January 31, 2011, analyst firm Citron Research published a report alleging that the Company has misrepresented, among other things, the scope of its operations, its financial performance, and the extent of the Company's claimed strategic partnership with a government-affiliated entity. The Citron report concluded that the Company "does not exist at the scale that they are reporting to the investing public."

Three days later, on February 3, 2011, analyst firm Muddy Waters issued a detailed report echoing many of the allegations in the Citron Research report. Among other things, Muddy Waters alleged that the Company "is engaging in a massive 'pump and dump' scheme [...] significantly inflating its revenue and earnings in order to pay management earn-outs and inflate the stock price so insiders can sell." Following this news, the Company's shares declined $5.52 per share, or 33.23%, to close on February 3, 2011, at $11.09 per share on unusually heavy volume of more than 21.6 million shares traded.

On March 11, 2011 trading in the Company's stock was halted at $11.88 share.  On March 14, 2011 the Company announced that its auditor Deloitte Touche Tohmatsu ("DTT") formally resigned from the Company as of March 11, 2011; and that the Company's CFO had resigned effective immediately. The announcement citing, DTT's resignation letter, states that DTT could no longer rely on the representations of management and recommended that certain issues encountered during the audit be addressed by an independent investigation.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.  When actions involving a common question of law or fact are pending before the

court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008).

The above-captioned actions should be consolidated because the related actions allege similar or identical class periods, and the same factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from dissemination to the investing public of false and misleading information contained in the Company's periodic filings with the SEC and/or public announcements.  Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.     MCMINN GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

>     (aa) has either filed the complaint or made a motion in response to a notice . . .;

>> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, the McMinn Group satisfies all of these criteria and thus entitled to the presumption that the group is the most adequate plaintiff of the class, and that the group, as a result, should be appointed Lead Plaintiff.

### A. McMinn Group is Willing to Serve as Class Representative

Each of the members of the McMinn Group has filed the instant motion and submitted certifications attesting each members' willingness to serve as a representative of the class, and, if necessary, to provide testimony at deposition and trial. *See* Kim Decl., Ex. 2. Accordingly, the McMinn Group and each of its members satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. McMinn Group Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *Fuwei Films*, 247 F.R.D. at 437 (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y.

---

[1] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

2007); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the *Lax/Olsten* factors approximate loss is most determinative).  Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period".  *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

The members of the McMinn Group suffered collective losses of $604,644.93.[2]  *See* Kim Decl., Ex. 3.  Assuming a zero value for held shares, the McMinn Group suffered collective losses of $1,088,968.77.  *Id.*  The McMinn Group is not aware of any other movant that has suffered greater losses in China MediaExpress stock during the Class Period.  Accordingly, the McMinn Group satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. McMinn Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class

---

[2]  In determining losses for held shares, Movant uses $11.88/share , which is the last trade made prior to the Company's ongoing trade halt.

certification -- a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437.

The McMinn Group and each of its members fulfills the requirements of Rule 23. The members of the group each share substantially similar questions of law and fact with the members of the class, and their claims are typical of those of the members of the class. The McMinn Group and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about China MediaExpress' business and financial condition. The group, as did all of the members of the class, purchased China MediaExpress shares at prices artificially inflated by defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between the group and its members and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiff.

### D.  McMinn Group Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the McMinn Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff[']s class" that the presumptively most adequate plaintiff:

> (a)  will not fairly and adequately protect the interest of the class; or
>
> (b)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The McMinn Group's ability and desire to fairly and adequately represent the class have been discussed above, in Section C. The group is not aware of any unique defenses that defendants could raise against it that would render the group inadequate to represent the class. Accordingly, the Court should appoint the McMinn Group as Lead Plaintiff for the class.

### III.  MCMINN GROUP'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The McMinn Group has selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the class Plaintiff's claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Kim Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, the group's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court issue an Order (1) consolidating the related actions; (2) appointing the McMinn Group as Lead Plaintiff of the class; (3) approving the group's selection of The Rosen Law Firm as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: April 6, 2011

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
Jonathan Horne, Esq. (JH 7258)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
Email: jhorne@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

**CERTIFICATE OF SERVICE**

    I hereby certify that on this, the 6th day of April, 2011, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

    /s/ Phillip Kim