

T 206.623.7292  F 206.623.0594

Karl P. Barth
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA 98101
www.hbsslaw.com
Direct (206) 268-9313
karlb@hbsslaw.com

August 18, 2014

**Via Facsimile**

The Honorable Victor Marrero
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Suite 660
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/18/14

Re: *In re China MediaExpress Holdings, Inc. Litig.*, No. 11-cv-804 (VM)

Dear Judge Marrero:

We write pursuant to Section II(A) of the Individual Practices of this Court to request leave to file a motion for appointment of a receiver in the above referenced action in order to marshal and preserve the assets of Defendant China MediaExpress Holdings, Inc. ("CCME"). Specifically, we will request that the receiver be granted the authority to: i) investigate the potential value of CCME's insurance coverage (a total of $10 million in face value of coverage, which has been denied by the insurers), including subpoenaing the records of various witnesses to the coverage dispute; ii) take any actions, including the filing of litigation or arbitration, that may be necessary to enforce CCME's rights under the insurance policies; and iii) investigate the possibility of legal claims that might be brought against various third parties for the benefit of CCME.

Lead Plaintiffs filed an amended complaint against CCME and various other parties in this action on October 31, 2011. Dkt. No. 64-1. CCME, through its counsel, filed a motion to dismiss this complaint on February 6, 2012. Dkt. No. 95. The Court denied this motion to dismiss on February 28, 2013. Dkt. No. 152; *McIntire v. China Mediaexpress Holdings, Inc.*, 927 F. Supp. 2d 105 (S.D.N.Y. 2013). Following the motion to dismiss, CCME refused to continue its defense in this action, apparently aware that it would be difficult, if not impossible, for the Class to execute on its assets in China, and that it had little or no assets in the U.S. except for insurance coverage. CCME's counsel has resigned, and it is unrepresented in this action, making collection action against the company (and its insurers) virtually impossible. Dkt No. 174. On January 17, 2014, the Class obtained a default judgment against CCME in the amount of $535,500,000.00. Dkt. No. 193.

Fed. R. Civ. P. 69(a) provides that any procedures to enforce a judgment "must accord with the procedure of the state where the court is located." Accordingly, the New York Civil Practice Law and Rules ("CPLR") will govern the proposed motion for a receivership. Pursuant to Section 5228(a) of the CPLR, the Court is authorized to "appoint a receiver who may be

The Honorable Victor Marrero
August 18, 2014
Page 2

authorized to administer, collect, improve, lease, repair or sell any real or personal property in which the judgment debtor has an interest or to do any other acts designed to satisfy the judgment."[1] Whether to appoint a receiver under this section "is a matter of judicial discretion." *United States v. Vulpis*, 967 F.2d 734, 736 (2d Cir. 1992). Appointment of a receiver is appropriate when the asset in question cannot be readily seized and sold at auction by the sheriff. *Id.* Another factor to consider is "the degree to which receivership will increase the likelihood of satisfaction."[2] *United States v. Zitron*, 1990 U.S. Dist. LEXIS 1049, at *2 (S.D.N.Y. Feb. 2, 1990). For these reasons, receivership is "especially appropriate when the property interest involved is intangible" and "lacks a ready market." *Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 316 (N.Y. 2010).

Counsel for the Class has obtained copies of two insurance policies that potentially provide a total of $10 million in coverage for the claims asserted by the Class. According to the sworn declaration of CCME's former counsel, "After a lengthy period of time in which it claimed to be investigating coverage issues with respect to CCME's notice of claim, CCME's insurer, which had not been advancing defense costs in the interim, recently declined coverage." [Docket No. 173, ¶ 4]. Class Counsel believes that the denial of coverage under these policies may have been improper, but that additional facts must be developed prior to the filing of any action challenging the denial of coverage. New York courts have specifically allowed the appointment of a receiver "for the insured's cause of action against the insurer." *Oppel v. Di Gangi*, 84 A.D.2d 549 (N.Y. App. Div. 2d Dep't 1981); *In re Kreloff*, 65 Misc. 2d 692 (N.Y. Sup. Ct. 1971) (improper denial of insurance coverage action can be brought by a receiver).

The Class requests that the Court allow it to move for the appointment of a receiver to investigate this potential insurance coverage claim, as well as other potential causes of action against additional third parties. The Class will propose that the receiver will be responsible for retaining and overseeing counsel in pursuing such claims, subject to Court approval.

If allowed to file such a motion, the Class intends to further request that the undersigned Karl Barth of Hagens Berman Sobol Shapiro, LLP (counsel for the Class and Judgment Creditor) be appointed as receiver. It is appropriate to appoint a creditor (or his counsel) as a receiver. *Baker v. David A. Dorfman, P.L.L.C.*, 2000 U.S. Dist. LEXIS 10142, at *25 (S.D.N.Y. July 20, 2000) (appointing plaintiff's counsel as receiver); *Vitale v. New York*, 183 A.D.2d 502, 503 (N.Y. App. Div. 1st Dep't 1992); *Oppel*, 84 A.D.2d at 549. However, Section 5228(a) precludes a creditor from receiving a fee for its role as a receiver. The undersigned has been involved in every aspect of this complex litigation, and has a detailed understanding of the facts of this case. In addition, the undersigned is a Certified Public Accountant, a Certified Fraud Examiner, and

---

[1] This statute also requires that "[a]s far as practicable, the court shall require that notice be given to the judgment debtor and to any other judgment creditors of the judgment debtor."

[2] CCME appears to have no assets, offices or employees in the United States, and has displayed an ongoing refusal to participate in these proceedings, or to make any attempt to satisfy the default judgment.

The Honorable Victor Marrero
August 18, 2014
Page 3

has been Certified in Financial Forensics by the American Institute of Certified Public Accountants. Both Mr. Barth and Hagens Berman Sobol Shapiro LLP agree to forego any fee for acting as a receiver for the requested purposes of this motion. The Class believes that Mr. Barth's background and experience with the facts of this case will allow for a more efficient and thorough investigation of potential claims, and will have the additional benefit of eliminating the fee that would have to be paid to an outside receiver.

Sincerely,

*Karl Barth*

Karl P. Barth

cc: All counsel of record (via e-mail)

---

All interested parties herein are directed to respond by 8-22-14, by letter not to exceed three (3) pages, to the matter set forth above by Class Counsel, showing cause why the relief requested should not be granted.

SO ORDERED.

8-18-14
DATE    VICTOR MARRERO, U.S.D.J.