USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DANIEL McINTIRE,

             Plaintiff,

- against -

CHINA MEDIAEXPRESS HOLDINGS,     11-cv-0804 (VM)
INC., et al.,

             Defendants.     **ORDER**
------------------------------------X

IN RE CHINA MEDIAEXPRESS HOLDINGS,
INC. SHAREHOLDER LITIGATION

------------------------------------X

**VICTOR MARRERO, United States District Judge.**

By letter dated August 18, 2014, Lead Plaintiffs Irrevocable Trust FBO Lansing Davis and the Davis Partnership LP (collectively, "Plaintiffs") requested leave to file a motion for appointment of Karl Barth of Hagens Berman Sobol Shapiro, LLP, counsel for Plaintiffs, as receiver for the assets of defendant China MediaExpress Holdings, Inc. ("CCME"). (Dkt. No. 224.)[1] By letter dated August 22, 2014, defendant Deloitte Touche Tohmatsu in Hong Kong SAR ("DTT HK") indicated that it would not oppose the filing of the motion, but reserved the right to object to the scope of the receiver's authority. (Dkt. No. 226.) By letter dated August 22, 2014, Star Investments Cayman II,

---

[1] The Court previously entered a default judgment against CCME on January 17, 2014. (Dkt. No. 193.)

1

Inc. ("Starr Investments") -- the plaintiff in a separate action against CCME, see Starr Investments Cayman II, Inc. v. China MediaExpress Holdings, Inc., et al., No. 11-233-RGA (D. Del.) -- objected to Plaintiffs' request. (Dkt. No. 225.) By letter dated August 25, 2014, Plaintiffs responded to Starr Investments' objections. (Dkt. No. 228.)

The Court deems Plaintiffs' August 18 letter to be a motion for appointment of a receiver. Upon review of the filings in this matter, the Court is persuaded that appointment of Plaintiffs' proposed receiver is appropriate. The Court also adopts the limitation on the receiver's authority proposed by Plaintiffs in their August 25 letter, which permits the receiver only to marshal the assets of CCME, and not to allocate those assets among any of CCME's creditors. The Court is not persuaded that Starr Investments, which as of now does not have a judgment for damages against CCME, has standing to object to the appointment of a receiver. The Court is also not persuaded that appointment of class counsel as the receiver is inappropriate under N.Y. C.P.L.R. 5228(a) and the applicable legal standards.

2

Therefore, it is hereby

**ORDERED** that Karl Barth of Hagens Berman Sobol Shapiro, LLP, is appointed as receiver for the assets of defendant China MediaExpress Holdings, Inc. ("CCME"), for the limited purpose of marshaling CCME's assets.

**SO ORDERED.**
Dated:   New York, New York
         26 August 2014

                              Victor Marrero
                                 U.S.D.J.