USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CHINA MEDIAEXPRESS HOLDINGS, INC. SHAREHOLDER LITIGATION | Civil Action No. 11-CV-0804 (VM) |
| This Document Relates To:<br>ALL ACTIONS | CLASS ACTION |

### ORDER ON CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Fee Application") duly came before the Court for a hearing on September 18, 2015. The Court has considered the Fee Application and all supporting and related materials, including the matters presented at the September 18, 2015 hearing. Due and adequate notice having been given to the Class as required by the Court's May 7, 2015 Order Preliminarily Approving the Settlement and Providing for Notice ("Preliminary Approval Order," ECF No. 241), and the Court having considered all papers and proceedings had herein and otherwise being fully informed in the proceedings and good cause appearing therefor:

NOW, THEREFORE, THE COURT FINDS, CONCLUDES AND ORDERS AS FOLLOWS:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (the "Stipulation of Settlement"), and all capitalized terms used, and not defined herein, have the same meanings as in the Stipulation of Settlement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3. Notice of the Fee Application was directed to Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process, and Section 21D(a)(7) of the Exchange Act. 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

4. Class Members have been given the opportunity to object to the Fee Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure.

5. The Fee Application is hereby GRANTED.

6. Lead Counsel are hereby awarded attorneys' fees in the amount of 33.33% (or $4,000,000.00) of the Settlement Fund and $400,000.00 in reimbursement of Class Counsel's litigation expenses (which fees and expenses shall be paid to Class Counsel from the Settlement Fund), which sums the Court finds to be fair and reasonable.

7. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Global Settlement Fund, the Court has considered and found that:

> a. DTT will create a Settlement Fund of $12 million in cash within ten days of Final Approval of the Settlement pursuant to the terms of the Stipulation of Settlement (ECF No. 240-1), and that Members of the Class who submit acceptable Proof of Claim Forms will benefit from the Settlement that occurred because of the efforts of Class Counsel;
>
> b. Copies of the Notice were mailed to 32,573 potential Class Members or their nominees stating that Class Counsel would apply for attorneys' fees in an amount not to exceed 33.33% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $400,000.00.

  c. Class Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

  d. The Action involved complex factual and legal issues and was actively prosecuted for more than four years;

  e. Class Counsel devoted over 4,600 hours, with a lodestar value of $2,543,107.75 to achieve the Settlement;

  f. Class Counsel incurred $406,948.45 in reasonable Litigation Expenses in pursuing the Settlement; and

  g. The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

8. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees or expenses shall in no way disturb or affect the finality of the Order and Final Judgment entered in this Action.

9. Jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement and this Order.

10. The awarded fees and reimbursement of expenses shall be paid to Class Counsel from the Settlement Fund within ten calendar days of the entry of Final Judgment in this Action, or within ten calendar days of the date of this Order, if later. Class Counsel are obligated to refund to the Settlement Fund for the Repayment Obligation, if and when, as a result of any appeal or further proceeding on remand, or successful collateral attack, the attorneys' fee or expense award is reduced or reversed, if the attorneys' fees or expense award does not become

final, if the Settlement itself is voided by any party as provided herein, the Settlement is terminated or canceled for any reason, or if the Settlement is reversed or modified by any court.

11.  In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the terms of the Stipulation.

**IT IS SO ORDERED.**

Dated: /3 September, 2011

The Honorable Victor Marrero
United States District Judge

- 4 -