USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/18/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CHINA MEDIAEXPRESS HOLDINGS, INC. SHAREHOLDER LITIGATION | Civil Action No. 11-CV-0804 (VM) |
| This Document Relates To:<br><br>ALL ACTIONS | <u>CLASS ACTION</u> |

### FINAL JUDGMENT AND ORDER

This matter came for hearing on __9/18/2015__ (the "Settlement Hearing"), on the application of Lead Plaintiffs Irrevocable FBO Lansing Davis and the Davis Partnership LP and additional named plaintiffs John Haughton, Ethan Lamar Pierce, and John Shaffer (collectively, the "Class Representatives,") through their legal counsel, to: i) determine whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Stipulation") are fair, reasonable, adequate and in the best interest of the Class Members for the settlement (the "Settlement") of all claims in the above-captioned Action, and should be approved; ii) determine whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; iii) releasing the Released Claims; and iv) approving the Plan of Allocation.

It appearing that a notice of the Settlement Hearing substantially in the form approved by the Court in the Court's Order of Preliminary Approval of Settlement ("Preliminary Approval Order") was mailed to all persons and entities reasonably identifiable who purchased CCME common stock or call options, or sold CCME put options that are the subject of the Action

during the Class Period, except those persons and entities excluded from the definition of the Class; and

It appearing that the Summary Notice of Pendency and Settlement of Class Action substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order; and

The Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

**NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED** that:

1. This Final Judgment and Order (the "Final Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Final Judgment and Order. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. The distribution of the Notice and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified with reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement, to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21 D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(7)). A full and fair opportunity was accorded to all Class Members to

be heard with respect to the Settlement. Thus, it is hereby determined that all Class Members, other than those persons and entities listed in Exhibit 1 hereto, are bound by this Final Judgment and Order.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of the Class and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is procedurally fair in that it is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Class Representatives, Class Members and the Settling Defendants. The Court also finds that the Settlement is substantively fair based upon: i) complexity, expense and likely duration of the litigation; ii) the reaction of the class to the settlement; iii) the stage of the proceedings and the amount of discovery completed; iv) the risks of establishing liability; v) the risks of establishing damages; vi) the risks of maintaining the class action through the trial; vii) the ability of the defendants to withstand a greater judgment; vii) the range of reasonableness of the settlement fund in light of the best possible recovery; and iv) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.

5. The Settling Parties are hereby directed to perform the terms of the Stipulation.

6. Except as to the individual claims of those persons and entities who have validly and timely requested exclusion from the Class (identified in Exhibit 1 attached hereto), the Action and all claims contain therein are hereby dismissed on the merits with prejudice as to the

Class Representatives and the Class Members. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Upon the Effective Date of the Settlement, i) the Releasing Plaintiff Parties release and forever discharge any and all Released Claims; and ii) Deloitte Touche Tohmatsu (Hong Kong Partnership) ("DTT") releases and forever discharges any and all Released DTT Claims (including Unknown Claims as defined in the Stipulation of Settlement).

8. Lead Plaintiffs, the Class Representatives and the Class Members are hereby permanently enjoined from prosecuting the Released Claims against any DTT Released Parties.

9. In accordance with Section 21D-4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. 78U-4(f)(7)(A), the DTT Released Parties are discharged or released from all claims for contractual contribution or other contribution or indemnification that have been or may be brought by or on behalf of any persons relating to the Released Claims. As of the Effective Date, any and all persons are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or proceeding asserting such claim for contribution or indemnification.

10. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

11. The fact and terms of the Stipulation, including Exhibits thereto, this Final Judgment and Order, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

    a. shall not be offered or received against the Released Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession or admission by any of

the Released Parties with respect to the truth of any fact alleged by any of the Released Plaintiff Parties, or the validity, or lack thereof, of any claim, or the deficiency of any defense that was or could have been asserted in the Action or in any litigation, in this or any other court, administrative agency, arbitration forum or other tribunal, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

  b. shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against any of the Released Plaintiff Parties as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Action;

  c. shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

  d. shall not be construed against the Released Plaintiff Parties as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

  e. shall not be construed as or received in evidence as an admission, concession or presumption against the Released Plaintiff Parties that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

12. The Released Parties may file the Stipulation and/or this Final Judgment and Order in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The finality of this Final Judgment and Order shall not be affected by rulings that the Court may make with respect to Class Counsel's application for an award of attorneys' fees and reimbursement of expenses.

14. Other than the payment of Notice and administration costs, as described in paragraph 27 of the Stipulation, DTT had no role in providing notice to the Class or responsibility for administering the Settlement; no role in or responsibility for reviewing or challenging the claims submitted; and no liability whatsoever to any person or entity including, but not limited to, Class Representatives, other Class Members, any other plaintiffs, any Class Member's counsel, or Class Counsel in connection with the administration of the Settlement. Without limiting the foregoing, DTT shall not be liable to any person with regard to any disclosure to or by the Claims Administrator of personal or potentially private account information, including without limitation the names, addresses, and account transaction data for individual Class Members, the accuracy of such information, or the identity of the Class Members.

15. Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. The Court finds that the Plan of Allocation is rationally based on legitimate considerations and treats Class Members (including the Class Representatives) fairly and

equally. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members and directs that Class Counsel and the Claims Administrator implement the Plan of Allocation.

17. All funds held in the Escrow Accounts shall be deemed and considered to be *in custodia legis* of the District Court, and shall remain subject to the exclusive jurisdiction of the District Court, until such time as such funds shall be distributed

18. The Court expressly determines that there is no just reason for delay in entering this Final Judgment and directs the Clerk of the Court to enter this Final Judgment pursuant to Fed. R. Civ. P. 54(b).

19. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants or any of them who paid such Settlement Amount on behalf of Defendants, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; and (b) the fact of the Settlement shall not be admissible in any trial of the Action.

20. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) enforcing and administering this Order and Final Judgment, (e) enforcing

and administering the Stipulation, including any releases and bar orders executed in connection therewith; and (f) other matters related or ancillary to the foregoing.

**IT IS SO ORDERED.**

Dated: 18 September 2015

_____
The Honorable Victor Marrero
United States District Judge

- 8 -
010244-11  758625 V1

# BOIES, SCHILLER & FLEXNER LLP

August 3, 2015

**BY E-MAIL AND OVERNIGHT DELIVERY**

CCME Securities Litigation  
Claims Administrator  
c/o KCC Class Action Services  
P.O. Box 40008  
College Station, TX 77842-4008

Michael D. Warden, Esq.  
Sidley Austin LLP  
1501 K Street, N.W.  
Washington, D.C 20005

Christopher O'Hara, Esq.  
Karl P. Barth, Esq.  
Hagens Berman Sobol Shapiro LLP  
1918 Eighth Avenue, Suite 3300  
Seattle, WA 98101

    Re:    *In re China MediaExpress Holdings, Inc. Shareholder Litig.*, No. 11-cv-0804 (VM) (S.D.N.Y.)

Dear Counsel:

    We represent Starr Investments Cayman II, Inc. ("Starr Investments"), the Plaintiff in *Starr Investments Cayman II, Inc. v. China MediaExpress Holdings, Inc., et al.*, No. 11-233-RGA (D. Del.), a securities fraud action against China MediaExpress Holdings, Inc. ("CCME"), Deloitte Touche Tohmatsu, and others, pending in the U.S. District Court for the District of Delaware (the "Delaware Action").

    Pursuant to the Notice of Pendency and Proposed Settlement of Class Action issued by the Court in *In re China MediaExpress Holdings, Inc. Shareholder Litig.*, dated June 4, 2015, we write to notify you that Starr Investments wishes to be excluded from the settlement class defined therein (the "Settlement Class").

    Starr Investments believes that its transactions in CCME Securities may not fall within the definition of the Settlement Class, but to the extent they are so construed, and for the avoidance of doubt, hereby provides its formal notice that it requests exclusion from the Settlement Class. Information regarding Starr Investments' specific transactions is set forth in detail in the pleadings filed in the Delaware Action, and can be provided upon request.

    Please let us know immediately if you need any further information.

Sincerely,

By: _____  
Nicholas A. Gravante, Jr.  
Marilyn C. Kunstler

Aug 10, 2015

To whom it may Concern:

We Are excluding our self from the In re China Media Express Holding, Inc Shareholder Litigation, Civil Action No. 11-CV-0804 (VM) (U.S.D.C S.DN.Y.)

Stephen Haugabrock
AnjAnette Haugabrock

[redacted]

Stephen Haugabrock
AnjAnette Haugabrock

**08/12/2015**

CCME Securities Litigation
  EXCLUSIONS
c/o KCC Class Action Services
75 Rowland Way, Suite 250
Novato, CA 94945

This letter is being sent according to instruction and is our statement that I want to be *excluded* from *In re China MediaExpress Holdings, Inc. Shareholder Litigation*, Civil Action No. 11-CV-0804 (VM) (U.S.D.C.S.D.N.Y.)

Sincerely,

James H. Strotman                Phyllis G. Strotman

Attachments: (1) Scottrade Home Page; 08/12/2015
             (2) Account History (Transaction – Confirmations Account Statement
             (3) Gain/Loss Tax Center Statement

8/12/2015

Scottrade - Home

https://trading.scottrade.com/home/default.aspx

1/2

8/12/2015
Scottrade - Transactions



8/12/2015

Scottrade - Gain/Loss & Tax Center



earthsmart
FedEx carbon-neutral envelope shipping

RECEIVED
AUG 13 2015
KCC

ORIGIN ID:NCQA
JAMES STROTMAN

SHIP DATE: 12AUG15
ACTWGT: 0.10 LB

BILL CREDIT CARD

TO CCME SECURITIES LITIGATION
CO KCC CLASS ACTION SERVICES
75 ROWLAND WAY
STE 250
NOVATO CA 94945
(678) 404-9953



FedEx Express

TRK# 7811 4392 8635
[0201]

THU – 13 AUG AA
STANDARD OVERNIGHT

AE SRFA

94945
CA-US OAK

**CERTIFICATE OF SERVICE**

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system on August 26, 2015, which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                        */s/ Karl P. Barth*
                                        KARL P. BARTH