

T 206.623.7292   F 206.623.0594

**HAGENS BERMAN**

Karl P. Barth
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 EIGHTH AVENUE, SUITE 3300
SEATTLE, WA 98101
www.hbsslaw.com
Direct (206) 268-9313
karlb@hbsslaw.com

The Honorable Victor Marrero
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Suite 660
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/2018

RECEIVED
JUN 20 2018
CHAMBERS OF
JUDGE MARRERO

Re:   *In re China MediaExpress Holdings, Inc. Litig.*, No. 11-cv-804 (VM)

Dear Judge Marrero:

    I was appointed as Receiver of China MediaExpress Holdings, Inc. ("CCME" or the "Company") by the Court on August 26, 2014. (ECF No. 230). In this capacity, I am writing to respectfully request that the Court approve the requested attorneys' fee and reimbursement of expenses to Gilbert, LLP related to its service as counsel to the Receivership related to recoveries obtained from CCME's former insurers. This request supersedes my previous fee request for Gilbert, LLP, which was related to only the settlement of claims related to the primary layer of coverage. (Dkt. # 288). Gilbert, LLP has now completed its engagement related to these insurance coverage claims.[1]

    Gilbert, LLP was instrumental in obtaining these recoveries in the face of significant legal risks. Prior to my appointment as Receiver, the insurers had denied coverage based upon their interpretation of various contractual defenses, including their contentions that: i) the policies contained an exclusion for fraudulent conduct; and ii) the policies were legally invalid due to purported false statements in the insurance application (*i.e.*, CCME's financial statements, which were incorporated into the policy application). Heightening these legal risks was a contractual choice-of-law provision requiring that disputes regarding the policy be settled under decidedly unfriendly Hong Kong law. Indeed, we obtained an opinion from a Hong Kong law firm specializing in insurance coverage disputes that our claims against the insurers had very little chance of success if brought to trial or arbitration under Hong Kong law.

    The claims also carried significant financial risk to Gilbert, LLP beyond typical litigation in U.S. Courts. The insurance policies included a forum-selection clause requiring arbitration of the claims in Hong Kong. Arbitration in this forum would have dramatically increased the expenses of bringing these claims in terms of travel expenses, translation costs and retention of

---

[1] Gilbert, LLP has also completed its representation of the Receivership in other matters, for which it has already been compensated. (Dkt. # 306). This current request is for fees and expenses related to the above-referenced insurance coverage claims.

The Honorable Victor Marrero
June 15, 2018
Page 2

local counsel in Hong Kong.  Because the Receivership lacked any assets when it was retained, Gilbert, LLP agreed to advance all expenses of the case, which could have been quite large in relation to the potential recoveries available.  This was a significant risk because, absent success in these insurance claims, the Receivership was unlikely to have assets to repay these advanced expenses.

Prior to retaining Gilbert, LLP, I interviewed numerous other firms with experience in insurance litigation, including a large, national firm, and two smaller firms.  None of these other firms was willing to pursue CCME's insurance claims on a contingent-fee basis.  Gilbert, LLP was the only firm willing to undertake this risk and advance potentially significant expenses, but, understandably, was only willing to do so at a 50% contingency in light of the unusual risks.  Accordingly, my prior fee request related to the initial $3.3 settlement sought the reimbursement of $20,066.15 in expenses incurred by Gilbert, LLP, and a requested fee of $1,639,966.92 (fifty percent of the net recovery) for a total request of $1,659,973.07.  (Dkt. # 288, p.4).

However, subsequent to the initial fee request, the claims against all insurers were resolved without Gilbert LLP having to incur the significant expenses related to arbitration in the Hong Kong forum.  Although they stood willing to advance these significant expenses, following the $1.2 million settlement of the secondary layers of insurance, Gilbert, LLP agreed to forego any fee on the $1.2 million settlement.  Accordingly, Gilbert's requested fee of $1,639,966.92 is not the contractual 50% contingency, but is instead approximately 36% of the net recoveries obtained by the firm from CCME's insurers.

In light of the excellent recoveries obtained by the firm for the Receivership and the unusual and significant risks underlying the claims, I believe that Gilbert, LLP's requested fees and expenses are reasonable and request authorization from the Court to pay Gilbert LLP in the amount of $1,659,973.07 from the Receivership account.

Sincerely,

*Karl Barth*

Karl P. Barth

> Request GRANTED. Receiver Karl
> P. Barth is authorized to pay counsel
> fees in the amount of $1,659,973.07
> to Gilbert, LLP for services to the
> Receivership in this action as set
> forth in the letter above
>
> SO ORDERED:
> 6-20-18
> DATE                VICTOR MARRERO, U.S.D.J.